WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Yahweh,<br><br>                Plaintiff,<br><br>v.<br><br>City of Phoenix, a political subdivision of the State of Arizona; and City of Phoenix Police Department,<br><br>                Defendants. | No. CV-13-00548-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant City of Phoenix's Motion to Dismiss (Doc. 13.) For the following reasons, the motion is granted.

## BACKGROUND

This case arises out of Plaintiff's employment with the City of Phoenix ("City"). (Doc. 11 ¶¶ 11–12.) Plaintiff was hired as a patrol officer with the City of Phoenix Police Department ("Department") in 1989 and assigned to the Robbery Unit as a detective in 1998. (*Id.*) He alleges that he was subjected to race-based discrimination and retaliation by members of the Department beginning in 2009 through December 2011. (*Id.* ¶¶ 13, 33.) Plaintiff alleges that he has experienced unfair and inconsistent treatment compared to Department employees who are not African-American. (Doc. 11 ¶¶ 40–48.) He alleges that his work has been subject to unjustified intensive scrutiny compared to these other employees. (*Id.* ¶ 47.) Plaintiff further alleges that he was retaliated against for reporting this discrimination and filing complaints with both the City's Equal Opportunity Department ("EOD") and with the EEOC. (*Id.* ¶¶ 47, 49–55.) In his Amended Complaint,

Plaintiff seeks compensatory damages and injunctive relief. (*Id.* at 11.) Plaintiff filed the present action on March 15, 2013 (Doc. 1) and filed his First Amended Complaint on June 5, 2013 (Doc. 11).

Defendant now moves to dismiss the action because (1) nearly all of Plaintiff's claims are barred by res judicata because Plaintiff previously brought nearly identical claims against the City in both state and federal court and (2) because Plaintiff's only possible claim not barred by res judicata does not rise to the level of an adverse employment action under Title VII. (Doc. 13.)

## DISCUSSION

### I.  Res Judicata

Rule 8(c) of the Federal Rules of Civil Procedure denotes res judicata as an affirmative defense. Ordinarily, affirmative defenses may not be raised in a motion to dismiss. Res judicata, however, may be asserted in a motion to dismiss so long as it does not raise any disputed issues of fact. *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984). The City bases its res judicata argument on Plaintiff's First Amended Complaint in this case (Doc. 11), the complaint in case number 2:11–CV–00410–ROS, and the Order granting Defendants' Motion to Dismiss in that case. Thus, the City's res judicata argument does not present any disputed issues of fact, and consideration of it on a motion to dismiss is appropriate.

In October 2010, Plaintiff brought an essentially identical case against the City under the Arizona Civil Rights Act ("ACRA") in Maricopa County Superior Court, also alleging race-based employment discrimination beginning in 2009. (Doc. 13, Ex. B.) That suit contained two ACRA claims: 1) race-based discrimination and 2) retaliation for reporting that discrimination. Plaintiff's state case did not assert any claims under Title VII. On January 13, 2011, Plaintiff's claims against the City were dismissed with prejudice because of his failure to serve the statutorily mandated Notice of Claim. (Doc. 13, Ex. A.)

In March 2011, Plaintiff brought an essentially identical case against the City in

1  federal court, alleging both race discrimination and retaliation under Title VII. Complaint, *Yahweh v. City of Phoenix,* No. CV-11-410-ROS (D. Ariz. March 3, 2011) (Doc. 1); First Amended Complaint, *Yahweh v. City of Phoenix,* No. CV-11-410-ROS (D. Ariz. June 22, 2011) (Doc. 6). In November 2011, Judge Silver granted a motion to dismiss filed by the City against Plaintiff. *See Yahweh v. City of Phoenix*, No. CV-11-410-ROS (D. Ariz. Nov. 9, 2011) (Doc. 24); (Doc. 13, Ex. B). Judge Silver noted that Plaintiff's federal case was nearly identical to his earlier state case, apart from asserting his two claims under Title VII instead of the ACRA. As the case involved the preclusive effect of an Arizona state court judgment on a later federal action, Judge Silver applied Arizona's doctrine of claim preclusion and concluded that Plaintiff's federal suit was barred by his earlier state suit. (Doc. 13, Ex. B at 2.) She noted that the cases were between the same parties, involved the same claim, and that the first case resulted in a judgment on the merits. (*Id.* at 3–5.) Accordingly, Judge Silver dismissed the claims with prejudice. (*Id.* at 5–6.)

Plaintiff filed the present case, his second federal suit, in this Court on March 15, 2013. (Doc. 1.) As in his first two suits, Plaintiff alleges both race-based discrimination and retaliation, occurring between 2009 and 2011 during his employment with the Phoenix Police Department. As in his first federal suit, Plaintiff brings these claims under Title VII. Because Plaintiff asserts that this Court has federal question jurisdiction under 28 U.S.C. § 1331, the federal law of res judicata governs the City's defense. "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Word-for-word similarity is not necessary to show identity of claims. "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits.... [T]he relevant inquiry is whether the [claims] could have been brought." *United States ex rel. Barajas v. Northrop Corp.*,

147 F.3d 905, 909 (9th Cir. 1998).

For purposes of res judicata, most of the claims Plaintiff brings here are identical to those Judge Silver dismissed in November 2011. Plaintiff asserts that he now brings a number of different allegations, some of which occurred before his first federal case was dismissed and some of which occurred after, in December 2011. (Doc. 11 ¶¶ 30–35.) Plaintiff's allegations that occurred prior to the dismissal of his first federal action on November 10, 2011, fail to qualify as new claims for the purposes of res judicata. "[R]es judicata (or claim preclusion) bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties. . . on the same cause of action." *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (citation omitted). The Ninth Circuit examines four factors in determining whether a cause of action asserted in a prior action is the same as a cause of action asserted in the current action: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *In re Imperial Corp. of Am.*, 92 F.3d 1503, 1506 (9th Cir. 1996).

Each of these factors demonstrate that Plaintiff's earlier claims are the same as his current claims. Allowing Plaintiff to proceed in this action would destroy the City's right to finality from the prior judgment. Both suits involve evidence of alleged racially-motivated actions taken regarding Plaintiff and comments made to and about Plaintiff at the Phoenix Police Department between 2009 and 2011. The suits are both Title VII race discrimination and retaliation cases, arising from the same two year period of Plaintiff's employment at the Department. To the extent the complaints feature some different allegations of conduct that occurred prior to the dismissal of his first federal lawsuit, the differences between the complaints are not sufficient to constitute different claims under res judicata principles. Any difference qualifies as a "ground[] of recovery that ... could

have been asserted," in the previous action. *Barajas*, 147 F.3d at 909.

The remaining elements of res judicata are also met. A Rule 12(b)(6) dismissal for failure to state a claim is a final judgment for purposes of res judicata. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits to which res judicata applies.") Further, the parties in both actions are identical. As such, Plaintiff's claims that existed before the dismissal of his first federal suit are barred by res judicata.

## II.     Remaining December 2011 Allegations

Plaintiff's Amended Complaint also alleges an incident that occurred in December 2011, after the dismissal of his first federal suit. (Doc. 11 ¶¶ 30–35.) As noted above, this incident could not have been alleged in Plaintiff's earlier suits, and thus is not barred by res judicata. However, these allegations fail to state a claim under Title VII.

### A.     Legal Standard

Rule 12(b)(6) is designed to "test the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555.

Accordingly, a plaintiff must do more than employ "labels," "conclusions," or a

"formulaic recitation of the elements of a cause of action." *Id.* When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. Application

Plaintiff alleges that, on or about December 16, 2011, he was contacted by his union and asked to meet with Phoenix Police Assistant Chief Kevin Robinson. (Doc. 11 ¶ 30.) In the meeting, Robinson informed Plaintiff that a disparaging joke had been made about Plaintiff at a Phoenix Police Executive Staff meeting earlier that week and that a number of people had laughed at the joke. (*Id.* ¶ 31.) Robinson told Plaintiff that he had shared this incident with the City of Phoenix Human Resources office and with an EOD lead investigator. (*Id.*) On December 23, 2011, Plaintiff met again with Assistant Chief Robinson and told Robinson that he had learned that Commander Benny Piña made the joke and that the joke involved comparing Plaintiff to a therapy dog at the Child Help facility. (*Id.* ¶¶ 33–34.) Plaintiff alleges Commander Piña and others in the department displayed their disdain for the Plaintiff as an African-American by laughing at Commander Piña's joke. (*Id.* ¶ 36.)

These December 2011 allegations fail to state a claim under Title VII, either under a theory of racial harassment or retaliation.

Here, Plaintiff alleges that Commander Piña made a single comment that may have been an offensive reference to Plaintiff, but the Amended Complaint never actually avows that the statement was based on Plaintiff's race—nor is it obvious from the alleged statement that the comment was so related.

Further, harassment based on race is actionable under Title VII only if it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and

create an abusive working environment." *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). "It must be both objectively and subjectively offensive." *Id.* (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)). "To determine whether an environment is sufficiently hostile, [the court] look[s] to the totality of the circumstances, including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Faragher*, 524 U.S. at 787 (quoting *Harris*, 510 U.S. at 23)). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher*, 524 U.S. at 788 (internal citation omitted.) This incident as alleged by the Amended Complaint does not rise to the level of a hostile work environment under Title VII. Plaintiff alleges that Assistant Chief Robinson quickly informed him that this incident had occurred and that Assistant Chief Robinson reported the incident to Human Resources and the EOD. As such, it appears that the Department made an effort to remedy this incident. The incident, as alleged, cannot be said to have either altered the terms of Plaintiff's employment or created an abusive work environment. Thus, Plaintiff fails to establish a prima facie case of race-based harassment.

To the extent that Plaintiff alleges that the incident somehow constitutes retaliation, "[t]o establish retaliation, the [plaintiff] ... must prove that: (1) [he] engaged in a protected activity; (2) [he] suffered an adverse employment decision; and (3) there was a causal link between [his] activity and the adverse employment decision." *EEOC v. Luce, Forward, Hamilton & Scripps*, 303 F.3d 994, 1004–05 (9th Cir. 2002). Here, even if Plaintiff's previous complaints constituted protected activity, Plaintiff fails to allege that the comment made in December 2011 or response to that comment constitutes an adverse employment decision that followed this protected activity, or any causal link. Accordingly, he fails to assert a prima facie case of retaliation.

1   Thus, Plaintiff's December allegations, his only allegations not barred by the
2   doctrine of res judicata, fail to assert a claim on which relief may be granted.
3   **IT IS THEREFORE ORDERED** that Defendant City of Phoenix's Motion to
4   Dismiss (Doc. 13) is **GRANTED**. This case is dismissed with prejudice.
5   Dated this 30th day of October, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge